UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TYJUAN CASSIDY,

                             Plaintiff,

          -against-

BRIAN FISCHER, in his capacity as
Commissioner of the New York State
Department of Correction Services (DOCS),
And in his individual capacity, ANTHONY J.
ANNUCCI, in his capacity as Deputy
Commissioner and Counsel for DOCS, and in his
individual capacity, LUCIEN J. LECLAIRE,
GLENN S. GOORD, former commissioner of DOCS,
and in his individual capacity, and JOHN/JANE
DOES 1-50, DOCS supervisory,
Training, and policy personnel,

                             Defendants.
------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**10-CV-637 (NGG) (MDG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Tyjuan Cassidy brings this civil rights action under 42 U.S.C. § 1983 against the current and former Commissioners of the New York State Department of Correctional Services "(DOCS)," the deputy Commissioner of DOCS, and other unidentified DOCS personnel (collectively, "Defendants"), for damages sustained due to post-release supervision "(PRS)" imposed by the DOCS . (See Compl. (Docket Entry # 1).) Jurisdiction is proper in this court under 28 U.S.C. § 1331. Due to Plaintiff's habitual noncompliance toward court directives and the resulting delays, Plaintiff's Complaint is dismissed for failure to prosecute.

**I. BACKGROUND**

On January 26, 2011, Defendants submitted a letter request for a pre-motion conference so they could obtain a briefing schedule for a motion to dismiss. (See Defs. Ltr. (Docket Entry # 11).) On September 20, 2011, the court held the conference. (See Defs. Ltr. (Docket Entry #

1

12).) The court established the following briefing schedule: Defendants would file their motion to dismiss by September 30, 2011; Plaintiff would file his opposition to the motion by October 28, 2011; and Defendants would file their reply by November 4, 2011. (Id.) The court ordered that there could be no adjustments to the schedule absent "extraordinary emergency circumstances." (Id.) Defendants complied with the court's order by submitting a motion to dismiss under Rules 12(b) (1) and (6) of the Federal Rules of Civil Procedure on September 30, 2011. (See Defs. Mot. to Dismiss (Docket Entry # 13).) Additionally, Defendants submitted a memorandum of law in support of their motion. (Id.) Plaintiff failed to respond to the motion to dismiss by October 28, 2011, and did not contact the court to ask for a change in the briefing schedule.

On May 11, 2012, the court ordered Plaintiff to file, no later than May 17, 2012, a letter explaining why he had not filed an opposition to the pending motion for more than six months. (See Order (Docket Entry # 15).) Plaintiff's counsel was also required to affirm that his client was aware of the pending motion, that counsel had not filed an opposition, and that his client intended to continue to pursue the case. (Id.) The court warned Plaintiff and his counsel that "ignoring any further court-ordered deadlines will lead to the Plaintiff's case being dismissed for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b)." (Id.) Plaintiff did not respond to the court's order.

## II. FAILURE TO PROSECUTE

The court now dismisses, sua sponte, Plaintiff's Complaint for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b). See Martens v. Thomann, 273 F.3d 159, 179 (2d Cir. 2001) ("A district court also has the power to dismiss for failure to prosecute sua sponte.") (internal citation omitted). A court should consider the following five factors in

2

deciding whether to dismiss a claim for failure to prosecute:

> whether (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

U.S. ex rel. Drake v. Norden Systems, Inc., 375 F.3d 248, 254 (2d Cir. 2004) (internal citations omitted). "No one factor is dispositive . . . ." Id.

Plaintiff's failure to prosecute has caused a delay of significant duration and these failures were those of Plaintiff. "[A] plaintiff cannot escape responsibility for failing to prosecute his claim even if his attorney is the source of the delay." Europacific Asset Mgmt. Corp. v. Tradescape, Corp., 233 F.R.D. 344, 351 (S.D.N.Y. 2005). Where a plaintiff chooses his attorney, "he cannot . . . avoid the consequences of the acts or omissions of this freely selected agent." Link v. Wabash R.R. Co., 370 U.S. 626, 633-34 (1962).

Plaintiff was given notice in the court's previous order that further delay would result in dismissal. (Docket Entry # 15.) Prejudice may be presumed because of the length of delay. See Drake 375 F.3d at 256-257. The court notes that this litigation has been pending on its docket for nearly two and a half years, the motion to dismiss has been pending for ten months, and the court has provided more than adequate time for Plaintiff's counsel to respond to Defendants' motion to dismiss or explain his failure to do so.

Finally, the court sees no reason why a lesser sanction would be effective. While ordering that a plaintiff pay a defendant's legal fees might be effective in some cases of delay, the fact that neither Plaintiff nor his counsel has had any contact with the court in nearly a year creates a different situation. Plaintiff appears to have abandoned this action. Thus, imposing a sanction that Plaintiff must pay in order to continue prosecuting this action—such as awarding

Defendants' legal fees incurred because of the delay—would ineffective as the court sees no indication Plaintiff intends for there to be any further litigation at all. Concluding that lesser sanctions would not be effective, the court finds dismissal for failure to prosecute appropriate.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's Complaint is DISMISSED, with prejudice, for failure to prosecute. The Clerk of Court is directed to terminate all pending motions and close this case.

SO ORDERED.

                                                      s/Nicholas G. Garaufis

Dated: Brooklyn, New York                 NICHOLAS G. GARAUFIS
       July 31, 2012                              United States District Judge